UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

CHRISTOPHER UMBURGER,
    *Defendant-Appellant.*

No. 01-4712

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-00-204)

Submitted: March 26, 2002

Decided: April 4, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Ward Morgan, Bluefield, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Lee Umburger* appeals his sentence, pursuant to his guilty plea, for distribution of heroin in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Umburger's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Umburger also filed a pro se supplemental brief. Both Umburger's counsel and Umburger contend that the district court erred by denying as moot his motion for downward departure based on Umburger's post-offense rehabilitation efforts. In addition, Umburger argues on his own behalf that the district court misapplied the Sentencing Guidelines and violated the Constitution when it sentenced him as a career offender, the Government breached his plea agreement and engaged in prosecutorial misconduct when it failed to represent the full breadth of his cooperation to the district court when moving for downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (2000), and his counsel provided ineffective assistance by failing to object to the district court's decision to sentence Umburger as a career offender.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The district court took Umburger's rehabilitation efforts into consideration when determining his sentence, and did not misapprehend its authority to depart. *See United States v. Bayerle*, 898 F.2d 28 (4th Cir. 1990). Further, Umburger had at least two prior felony convictions for crimes of violence or controlled substance offenses, so he was properly found to be a career offender. USSG § 4B1.1. We find no plain error in the scope of the Government's request for a departure under USSG § 5K1.1, which prompted the district court to reduce Umburger's offense level by five levels. Finally, because the record in this case does not conclusively show counsel was ineffective, we decline to consider this claim on direct appeal. *See United States v. King*, 119

---

*The Appellant's name is alternatively spelled "Umburger" and "Umberger" throughout the record on appeal. For consistency, we use "Umburger."

F.3d 290 (4th Cir.), *cert. denied*, 531 U.S. 1193 (2001). We therefore affirm Umburger's sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*